Lowell **COOK, Plaintiff and Appellant,**

v.

**Seymour P. STEED, Superintendent of the Utah State Hospital, Defendant and Appellee.**

No. 860055.

Supreme Court of Utah.

June 14, 1988.

---

Alvin G. Nash, Vernal, for plaintiff and appellant.

David L. Wilkinson, Linda Luinstra-Baldwin, Salt Lake City, for defendant and appellee.

PER CURIAM:

Plaintiff alleges that he was committed and held in the Utah State Hospital without due process. His petition for a writ of habeas corpus was denied by the district court, and he appeals. We affirm.

The record shows that plaintiff was arrested on April 4, 1984, in Uintah County after he had threatened to shoot a ten-year-old boy with a shotgun. The apparent reason for plaintiff's threat was that the boy rode his bicycle on the public roadway in front of plaintiff's residence.

The Uintah County Attorney filed a petition under Utah Code Ann. § 77-15-3 (1982), seeking an order of commitment to the Utah State Hospital for an evaluation to determine whether plaintiff was competent to stand trial. This petition was granted, and plaintiff was transported to the hospital in Provo, Utah County. A few days after the ten-day evaluation commitment was ordered, personnel at the Utah State Hospital filed an application in the District Court for Utah County for an involuntary civil commitment of plaintiff, under Utah Code Ann. § 64-7-36 (1986). After a hearing on that matter, the court in Utah County found plaintiff to be mentally ill and in need of hospitalization and ordered him hospitalized at the Utah State Hospital temporarily for a period of six months.

On June 14, 1984, the District Court for Uintah County, having received the evaluation report from the Utah State Hospital, entered an order finding plaintiff not competent to stand trial and committing him to the hospital until such time as he became competent to stand trial. On June 18, 1984, plaintiff was released from the civil commitment ordered by the District Court for Utah County, but his hospitalization continued under the criminal commitment in the District Court for Uintah County.

A year later, on June 20, 1985, the State Hospital notified the district judge in Uintah County who ordered the criminal commitment that plaintiff continued to deteriorate and the doctors could not say that he would become competent to stand trial within a reasonable amount of time. An application for an involuntary civil commitment was filed in the Uintah district court on June 23, 1985. Upon a finding that there was no appropriate mental health facility for plaintiff in Uintah County, the Uintah district court transferred the case to Utah County district court, which, on August 8, 1985, ordered plaintiff hospitalized at the mental health facility designated by the Division of Mental Health for an indeterminate period, subject to the provisions of section 64-7-36(11). On August 21, 1985, the Uintah County Attorney filed a motion to dismiss the pending criminal charges against plaintiff on the ground that he had been found incompetent to stand trial and it is doubtful he will ever become competent to stand trial. Accordingly, the criminal charges were dismissed. On September 12, 1985, plaintiff filed this petition for a writ of habeas corpus in the Utah County district court.

Plaintiff argues that the District Court for Uintah County did not initially acquire jurisdiction to commit plaintiff, as the statute requires that a petition first be filed by the prosecuting attorney. However, the record shows that a petition was filed under section 77-15-3, and plaintiff's point is without merit.

■ Plaintiff further argues that he was denied due process because he was held for eighteen months under the criminal commitment without a hearing. However, the record shows that plaintiff was not held for any eighteen-month period without a hearing. The criminal charges have been dismissed, and plaintiff is held under the civil commitment filed in Utah County. Therefore, this point is moot.

■ Finally, plaintiff asserts that the Utah County civil commitment is invalid, as plaintiff could not be civilly committed while he was still being held under the

criminal commitment. There is nothing in the statutes which states, as plaintiff asserts, that he cannot be civilly committed to the State Hospital while he is under a criminal commitment. Utah Code Ann. §§ 77-15-1, -2, and -3 provide that the criminal proceedings must be stayed until a defendant is adjudged competent to stand trial. It is clear that the criminal charges were stayed, and were eventually dismissed, while plaintiff was committed to the State Hospital for evaluation and treatment.

The Utah County district court, after a hearing on plaintiff's petition for habeas corpus, found that the criminal commitment was terminated and the issues raised with respect to the procedure were moot; that plaintiff's rights were properly protected in the civil commitment proceedings; that all required notices were given; that counsel was appointed; and that plaintiff's rights had not been violated. We find no error in the order here for our review, and it is affirmed.